

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TED RILEY CORPORATION d/b/a SONIC DRIVE-IN,<br><br>Defendant. | CASE NO. 1.08cv335 LG-RHW<br><br>COMPLAINT<br><br>WITH JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole Alecia Lawrence, a qualified individual with a disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were committed within

the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5 (5)(1).

4. At all relevant times, Defendant, Ted Riley Corporation d/b/a Sonic Drive-In ("Employer"), has continuously been a Mississippi corporation doing business in the State of Mississippi, the City of Lucedale, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to institution of this lawsuit, Alecia Lawrence filed a charge with the Commission alleging violations of Title I of the ADA by

Defendant. Each condition precedent to the institution of this suit has been fulfilled.

8. At all times relevant to the events alleged in this complaint, Alecia Lawrence was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of the job of cook for Defendant.

9. Alecia Lawrence has experienced seizures since approximately 2001. Prior to the onset of each seizure, Alecia Lawrence has a warning or "aura". As a result, she is able to avoid injuring herself or others during these seizures. Frequently, she can avoid harming herself or others by sitting down and waiting for the seizure to pass.

10. Alecia Lawrence takes various medications in an effort to reduce the frequency and effects of her seizures.

11. Alecia Lawrence has a record of working in jobs involving the use of knives, sharp instruments, stoves, ovens, and other cooking equipment. She has never suffered an injury as a result of her epilepsy while working with these instruments.

12. On October 3, 2006, Alecia Lawrence was hired by Defendant to work as a cook.

13. On October 9, 2006, while at home, Alecia Lawrence suffered a seizure. Her doctor recommended that she remain home for a few days following the seizure. Alecia Lawrence advised Defendant of her condition and her doctor's recommendation.

14. Soon after learning that Alecia Lawrence had epilepsy, Defendant terminated her employment. Ted Riley, owner of Defendant, told Alecia Lawrence that he could not let her work around the kitchen with hot grease vats, grills and sharp

objects which could hurt her.

15. Alecia Lawrence explained to Ted Riley that her seizures were infrequent and that she experienced an aura prior to every such seizure. Ted Riley responded by telling her that she placed his company in danger by being there.

16. Ted Riley told Alecia Lawrence that she should go to her doctor for help with her problem and after she was seizure free for a while he would consider rehiring her.

17. While Alecia Lawrence asked Defendant to rehire her following a period of being seizure free, Ted Riley told her that she was too injury prone.

18. In deciding to terminate Alecia Lawrence's employment, Defendant acted on the basis of stereotypes associated with epilepsy. Alecia Lawrence never injured herself while working for Defendant. Defendant's decision was not based upon an individualized assessment of Alecia Lawrence's ability safely to perform the essential functions of the job of cook with or without a reasonable accommodation.

19. Without the benefit of any medical information, Defendant concluded that Alecia Lawrence suffered from severe uncontrolled seizures. This conclusion was erroneous.

20. Defendant regarded Alecia Lawrence's seizure disorder as a substantially limiting impairment.

21. Alecia Lawrence does not represent a direct threat to the health or safety of herself or other individuals in the workplace.

22. Defendant's decision to terminate Alecia Lawrence is in violation of the

Americans With Disabilities Act, 42 U.S.C. Section 12112.

23. The effect of the practices complained of above has been to deprive Alecia Lawrence of equal employment opportunities and otherwise adversely affect her status as an employee, because of disability.

24. The unlawful practices complained of above were intentional.

25. Defendant employer at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Alecia Lawrence, in violation of the ADA, 42 U.S.C. § 12101 et seq.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from maintaining its policy of refusing to employ individuals with seizure disorders unless they have been seizure free.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a policy which provides for an individualized assessment of an individual's ability safely to perform the job for which he or she is hired.

C. Grant a judgment requiring the Defendant Employer to make whole Alecia Lawrence by providing appropriate back wages with prejudgment interest in amounts to

be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to an offer of employment to Alecia Lawrence with all the benefits she would have enjoyed had she not been terminated by Defendant.

D. Order Defendant Employer to make whole Alecia Lawrence by providing compensation for non-pecuniary losses including but not limited to damages for embarrassment, humiliation and injury to dignity, in amounts to be proven at trial.

F. Order Defendant Employer to pay Alecia Lawrence punitive damages for its malicious and/or reckless conduct, in an amount to be proven at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, Northwest
Washington, D. C. 20554

_____
C. Emanuel Smith (MS 7473)
Regional Attorney

_____
Julie Lee (DC 433292)
Supervisory Trial Attorney

_____
Charles E. Guerrier (OH 0023546)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2044